IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Charlotte Ann Smith, ) | Civil Action No. 0:10-882-JFA -JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| Chase Bank and Mortgage, Bank of America, ) | |
| National Association, as Successor by Merger to ) | |
| LaSalle Bank, as Trustee for Certificate Holders ) | **REPORT AND RECOMMENDATION** |
| of EMC Mortgage Loan Trust 2005-A Mortgage ) | |
| Loan Pass-Through Certificates Series 2005-A, ) | |
| Guardian Fidelity Mortgage Inc American NA ) | |
| and their members or shareholders, ) | |
| President & CEO Howard Wright, ) | |
| Assistant Manager Stacy Youngblood, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

*Pro se* Plaintiff, Charlotte Ann Smith ("Smith"), originally filed this case in the Court of Common Pleas for York County. She alleges a "laundry list" of allegations against Defendants, all of whom were involved in financial transactions, including mortgage loans, with her. The purpose of this Report and Recommendation is to address the motion to dismiss filed by Defendants Guardian Fidelity Mortgage, Inc. ("Guardian Fidelity"), America N.A. and their members or shareholders ("Guardian Shareholders"), their President and CEO Howard Wright ("Wright"), and their Assistant Manager Stacy Youngblood ("Youngblood").

The case has a history in state court that is relevant to the motion to dismiss. According to the motion to dismiss, the original complaint was filed in state court. On March 9, 2010, the moving Defendants moved to dismiss, or in the alternative, for an order requiring Smith to make her claims more definite and certain under South Carolina Procedure. While that motion was pending, Smith filed, but did not serve, a second amended complaint. The motion was heard on March 19, 2010. The court denied the motion to dismiss and ordered Smith to make her claims more definite and certain in an amended complaint. Smith filed her Third Amended Complaint on April 1, 2010.

On April 8, 2010, Defendants Bank of America and EMC Mortgage removed the case to this Court. Thereafter, on April 16, 2010, the moving Defendants filed their motion to be dismissed from the Third Amended Complaint. Because Smith is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on April 19, 2010, advising Smith of her responsibility to respond to the motion to dismiss. Smith has never directly responded to the motion. However, on July 2, 2010 she filed a motion to again amend her complaint. She also filed another motion to amend her complaint on September 21, 2010. In the second motion to amend, Smith states that she objects to the motion to dismiss, presumably on the grounds that the motion was previously decided in state court. Smith also "requests to add newly discovered evidence as a tenth cause of action"[1] in the second motion to amend. The undersigned will consider Smith's latest motion to amend her complaint as an (untimely) response to the motion to dismiss.

---

[1] The undersigned notes that evidence does not constitute a claim or cause of action. Smith's non-dispositive motions will be addressed in a separate order.

**Discussion**

The moving Defendants assert that (1) the Third Amended Complaint fails to state any cognizable claim against them; (2) Guardian Fidelity's Shareholders and Members are not proper parties, and they have never been served with a copy of the summons and complaint; and (3) Wright and Youngblood are entitled to dismissal because all acts that they are alleged to have committed were in the course and scope of their employment by Guardian Fidelity. Smith has not addressed any of their arguments.

**A. Plaintiff's Argument**

Smith argues that the motion to dismiss should be denied because the moving Defendants' motion to dismiss the original and/or second amended complaint was denied in state court before removal. However, the state court record that has been filed in this Court is insufficient to sustain Smith's argument.

The only state court record with respect to the prior motion to dismiss is a cryptic order from the state court judge which states:

> Defendants Guardian Fidelity Mortgage, Inc. & their members or shareholders, their president and CEO, Howard Wright and their assistant manager Stacy Youngblood's Motion to Dismiss pursuant to SCRCP 12(b)(6) filed March 10, 2010 is heard and Denied. The Plaintiff is to make her pleadings more and certain within ten (10) days of this hearing.

The original complaint and/or second amended complaint are not a part of the record. Neither is there a copy of the motion to dismiss filed in state court nor a copy of the transcript of the hearing. Therefore, the undersigned is unable to determine what the issues were before the state court judge. In any event, the order of the state court judge did not deny the motion with prejudice, and if the Third Amended Complaint did not sufficiently address the issues which were to be addressed in

making the complaint more definite and certain, the state court judge (and this Court) logically have the authority to revisit those issues.

**B. Defendants' Arguments**

After reviewing the Third Amended Complaint, the undersigned finds that Smith's claims remain vague and overlapping. The specific claims against the moving Defendants appear to be contained in Smith's Fourth, Fifth, Sixth, and Eighth Causes of Action.[2] The moving Defendants have defined the claims against them in their motion to dismiss. Because Smith has not directly responded to the motion, the undersigned accepts the moving Defendants' characterizations of her claims.

The moving Defendants believe that Smith purports to state claims against them for a civil conspiracy and violation of unspecified state and/or federal banking statutes, presumably a violation of the Fair Debt Collection Practices Act ("FDCPA") in her Fourth Cause of Action. The moving Defendants believe Smith's Fifth, Sixth, and Eighth Causes of Action also attempt to allege a statutory violation, again under the FDCPA. Further, the moving Defendants believe that Smith's Eighth Cause of Action includes claims for tortious interference with contractual relationships and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA").

### Standard for Motion to Dismiss

The federal court is charged with liberally construing the complaints filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. *See* Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The Court's function, however, is not to decide issues

---

[2]The moving Defendants state that Smith's First, Second, and Third Causes of Action make allegations against Bank of America, Chase Bank and Mortgage, and EMC Mortgage Loan Trust and no allegations against them. (Def.Mem., p. 3). Smith has not objected to this statement of her claims.

of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the Court assume the existence of a genuine issue of material fact where none exists.

When considering a 12(b)(6) motion to dismiss, the Court must accept as true the facts alleged in the complaint and view them in a light most favorable to the Plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' "Iqbal, __ U.S. at __, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

**1. Guardian Fidelity Member or Shareholders**

Smith has sued Guardian Fidelity which she appears to believe is a corporation. She has also sued unnamed "members or shareholders" of Guardian Fidelity. There are no specific allegations that these unspecified members or shareholders (other than Wright and Youngblood, assuming they are members and/or shareholders) committed any act.

The moving Defendants asserts that these unnamed members and shareholders should be dismissed because they have never been served with a copy of the summons and complaint. Smith has not responded to this argument. No proof of service has been filed for these Defendants as required by Rule 4(l), Fed.R.Civ.P.

Rule 4(m), Fed.R.Civ.P. requires that if a defendant is not served with a copy of the summons and complaint "within 120 days after the complaint is filed" the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." According to the moving Defendants, the original complaint in this case was filed in January of 2010. The Third Amended Complaint was filed in April of 2010, and the case was removed to this Court in April of 2010. Over 120 days have lapsed since these events occurred, and it does not appear that Smith has made any effort to identify and serve Guardian Fidelity's members and/or shareholders. It is, therefore, recommended that Guardian Fidelity members and/or shareholders be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.

**2. Wright and Youngblood**

The caption in this case identifies Wright as Guardian Fidelity's "President & CEO" and Youngblood as its "Assistant Manager." Wright and Youngblood argue that they should be dismissed because the only allegations against them concern actions they allegedly took on behalf of their employer, Guardian Fidelity.

Under South Carolina law, a corporation may be held vicariously liable for an intentional tort of its officer or agent if the officer or agent acted within the scope of his or her employment. Crittenden v. Thompson-Walker, Co., 288 S.C. 112, 341 S.E.2d 385, 387-388 (Ct. App. 1986). An act falls within the scope of employment even if the employee exceeded his or her authority and even

if the employee acted contrary to the express orders of the employer. Jamison v. Howard, 271 S.C. 385, 247 S.E.2d 450, 451 (1978). However, an act falls within the scope of employment only if the employee acted with the purpose of benefitting the employer. *Id.* If the employee acted for some independent purpose of his or her own, the conduct falls outside the scope of employment. Vereen v. Liberty Life Ins. Co., 306 S.C. 423, 412 S.E.2d 425, 429 (Ct. App. 1991). On the other hand, an officer, director, or controlling person in a corporation may be held liable in tort if he or she is shown to have in some way participated in or directed the tortious act. Rowe v. Hyatt, 321 S.C. 366, 468 S.E.2d 649, 650 (1996).

The exact status of Wright and Youngblood with respect to Guardian Fidelity is not clear in this record. Smith appears to allege that both Wright and Youngblood personally participated in the alleged tortious actions. Therefore, they are not entitled to dismissal on the basis asserted.

### 3. Fair Debt Collection Practices Act ("FDCPA")

Smith references the FDCPA in her Fourth, Fifth and Sixth Causes of Action against the moving Defendants. The moving Defendants argue that any claim against them under the FDCPA should be dismissed because the FDCPA does not apply to them in the circumstances alleged by Smith. Smith has not responded to this argument.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added). The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

>regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

The FDCPA applies only to "debt collectors" as that term is defined in the statute, and creditors, mortgagors, and mortgage servicing companies are not debt collectors under the FDCPA and are therefore exempt from liability under the FDCPA. *See* Scott v. Wells Fargo Home Mortgage. Inc., 326 F.Supp.2d 719, 717-718 (E.D.Va.2003) (Creditors, mortgagors, and mortgage servicing companies are not debt collectors and are exempt from liability under the FDCPA); Davis v. Dillard Nat'l Bank, No. 02-546, 2003 WL 21297331, at * 4 (M.D.N.C. June 4, 2003) ("Crediting institutions, such as banks, are not debt collectors under [the FDCPA] because they collect their own debts and are in the business of lending money to consumers").

Smith alleges that Guardian Fidelity held a second mortgage on real property she owned in York County and that Wright and Youngblood, on behalf of Guardian Fidelity, violated the FDCPA by making "third party contacts" as alleged in Smith's Fourth, Fifth, and Sixth Causes of Action. Since the FDCPA applies only to debt collectors and the moving Defendants are alleged to have only acted in an attempt to collect Guardian Fidelity's own loan based on a real estate mortgage, the undersigned concludes that all claims alleged against the moving Defendants under the FDCPA should be dismissed.

**4. Civil Conspiracy**

Smith mentions "conspiracy" in her Fourth and Sixth Causes of Action. She alleges in her Fourth Cause of Action that Wright offered her sister, Mary Joe Moore ("Moore"), "a deal that concerned a conspiracy against her (Smith)...that both parties would gain unjust enrichment." (Third Amended Complaint, p. 10). Smith also alleges that "Moore refused the offer." (*Id.*) Smith appears

to reiterate this claim in her Sixth Cause of Action, wherein she alleges "(t)he Lender had Third Party Contact with Ms. Moore concerning Smith's debt." (Third Amended Complaint, p. 16). Smith then alleges that she is "suing the bank for a deceptive and intentional conspiracy." (*Id.*)

Under South Carolina law "(t)he tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damages." Jenkins v. Few, __S.E.2d __, 2010 WL 5071603 (S.C.Ct.App.) quoting Hackworth v. Greywood at Hammett, LLC, 385 S.C. 110, 682 S.E.2d 871, 874 (Ct. App. 2009).

Smith's claim for a civil conspiracy is subject to dismissal because, based on her pleadings, she has not alleged a "combination of two or more persons." Smith has alleged that Wright approached Moore about a deal which would have injured Smith. However, Smith alleges that Moore rejected Wright's overture. "In order to establish a conspiracy, evidence, either direct or circumstantial, must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise." Cowburn v. Leventis, 366 S.C. 20, 619 S.E.2d 437, 453 (Ct.App. 2005). Smith does not allege a conspiracy between Wright and Moore. Further, South Carolina recognizes that "no conspiracy can exist if the conduct challenged is a single act by a single corporation acting exclusively through its directors, officers, and employees, each acting within the scope of employment." McMillan v. Oconee Memorial Hosp., Inc., 367 S.C. 559, 626 S.E.2d 884, 887 (2006) Thus Wright could not have conspired with Guardian Fidelity.

### 5. Tortious Interference With Contractual Relationships

Smith makes a passing reference to "Tortious Interference with Contractual Relationships" in her Sixth Cause of Action (Third Amended Complaint, p. 16), and alleges in her Eighth Cause of

Action that "Youngblood had Third Party Contact with Ms. Smith's potential renter that cause[sic] the prospective lessee to pull back and not lease the apartment." (Third Amended Complaint, p. 20).

The moving Defendants argue that Smith's claim for tortious interference with contract is subject to dismissal because the alleged contact was with a potential renter. Therefore, there was no contract with which to interfere. (Def.Mem., p. 6). However, South Carolina recognizes the tort of intentional interference with prospective contractual relations. Santoro v. Schulthess, 384 S.C. 250, 681 S.E.2d 897 (Ct.App. 2009). To succeed on such a claim a plaintiff must show that "the defendant intentionally interfered with plaintiff's potential contractual relations for an improper purpose or by improper methods and that the interference caused injury to the plaintiff." *Id.* at 903, citing Crandall Corp. v. Navistar Int'l Transp. Corp., 302 S.C. 265, 395 S.E.2d 179, 180 (1990).

The moving Defendants are not entitled to dismissal of this claim.

### 6. South Carolina Unfair Trade Practices Act ("SCUTPA").

Smith refers to the SCUTPA, S.C.Code Ann. § 39-5-20 *et. seq.,* in her Fourth, Fifth, Sixth, and Eighth Causes of Action. The undersigned notes that the Third Amended Complaint also contains references to similar statutes from other states and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41 *et. seq.* Smith appears to quote liberally from cases involving these statutes. The FTC Act does not create a private right of action for enforcement of the FTC Act. Wimbley v. Select Portfolio Servicing, Inc., No. 1:08cv939, 2009 WL 2045922, *3 (M.D.N.C. July 9, 2009).

To establish a claim under the SCUTPA, Plaintiff must show "1) that the defendant engaged in an unlawful trade practice, 2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and 3) that the unlawful trade practice engaged

10

in by the defendant had an adverse impact on the public interest." Havird Oil Co., Inc. v. Marathon Oil Co., Inc., 149 F.3d 283, 291 (4th Cir. 1998). An unfair trade practice is defined as "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade." S.C.Code Ann. § 39-5-20(a). Unfair trade practices are practices which are "offensive to public policy or which [are] immoral, unethical, or oppressive....[While a] deceptive practice is one which has a tendency to deceive." deBondt v. Carlton Motorcars, Inc., 536 S.E.2d 399, 407 (S.C.Ct.App. 2000) (citing Young v. Century, Lincoln-Mercury, Inc., 396 S.E.2d 105, 108 (S.C.Ct.App. 1989), *aff'd in part, rev'd in part on other grounds*, 422 S.E.2d 103 (1992)). "Even a truthful statement may be deceptive if it has a capacity or tendency to deceive[,]" and in determining whether a practice is unfair or deceptive within in the meaning of the UTPA, the finder of fact should look to the surrounding facts and the impact of the transaction on the market place. *Id.*

The general rule that corporate directors and officers may be held personally liable for actions they committed, participated in, directed or authorized applies equally to the SCUTPA. Plowman v. Bagnal, 316 S.C. 283, 450 S.E.2d 36, 38 (1994).

Smith appears to assert that the actions of the moving Defendants in contacting individuals not connected with her mortgage to Guardian Fidelity and disclosing information to them about the status of her loan violated the SCUTPA. Other than a general argument that none of Smith's claims are sufficient to state a claim, the moving Defendants make no argument with respect to the SCUTPA claim.

The undersigned concludes that the moving Defendants are not entitled to dismissal of Smith's SCUTPA claim.

**Conclusion**

Based on the above discussion, it is recommended that the moving Defendants' motion to dismiss be **granted** as to all claims against Guardian Fidelity's Members and Shareholders, all claims under the FDCPA, and Smith's claim for civil conspiracy and that Defendants' motion be **denied** in all other respects.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 13, 2011

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).