IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Charlotte Ann Smith, | ) | C/A No.: 0:10-882-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Chase Bank and Mortgage; Bank of America; National Association, as Successor by Merger to LaSalle Bank, as Trustee for Certificate Holders of EMC Mortgage Loan Trust 2005-A Mortgage Loan Pass-Through Certificates Series 2005-A; Guardian Fidelity Mortgage, Inc. American NA and their members or shareholders; President and CEO Howard Wright; Assistant Manager Stacy Youngblood, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (ECF No. 44) on the motion to dismiss filed by defendants Guardian Fidelity Mortgage, Inc., America N.A. and their members or shareholders, their President and CEO Howard Wright, and their Assistant Manager Stacy Youngblood (ECF No. 12).

The pro se plaintiff, Charlotte Ann Smith, brings this action as a result of some financial transactions with the defendants. The allegations relevant to the moving defendants and this motion include state claims for civil conspiracy, violations of unspecified state and federal banking statutes, violations of the Fair Debt Collection Practices Act, tortious interference with contractual relationships, and violations of the South Carolina Unfair Trade

1

Practices Act.[1]

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation and opines that this motion should be granted in part and denied in part. The plaintiff responded indirectly and untimely to the defendants' motion to dismiss.[3] The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation.

The plaintiff was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on January 13, 2011. However, neither party filed objections. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is

---

[1] The Magistrate Judge and this Court find the claims in the Third Amended Complaint to be vague. Because the plaintiff has not objected to the defendants' characterization of her claims in their motion to dismiss, the Court will accept them for purposes of this motion.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) notifying the plaintiff of the summary dismissal procedure and possible consequences if she failed to adequately respond to the motion to dismiss. The plaintiff did not directly respond to the motion, but after the deadline had passed, she stated in her second motion to amend the complaint that she objected to the motion to dismiss.

incorporated herein by reference.

Accordingly, the moving defendants' motion to dismiss is granted as to all claims against Guardian Fidelity's Members and Shareholders, all claims under the Fair Debt Collection Practices Act, and the claim for civil conspiracy. The defendants' motion to dismiss is denied as to the claims against Howard Wright and Stacy Youngblood, the claim for tortious interference with contractual relationships, and the South Carolina Unfair Trade Practices Act. The Clerk shall return the file to the Magistrate Judge for further processing.

IT IS SO ORDERED.

March 16, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3